NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES PINNOCK, | Civil No. 07-5661 (DMC) |
| Plaintiff, | |
| v. | OPINION |
| THE UNITED STATES ARMY, | |
| Defendants. | |

**APPEARANCES:**

JAMES PINNOCK #938588C, Plaintiff Pro Se
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

**CAVANAUGH**, District Judge:

Plaintiff James Pinnock seeks to bring this action in forma pauperis. See 28 U.S.C. § 1915.[1] Based on his affidavit of poverty, prison account statement, and the absence of three dismissals under 28 U.S.C. § 1915(g), the Court (1) grants in forma pauperis status; (2) directs the Clerk to file the Complaint; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee payment from Plaintiff's prison account and forward it to the Clerk, when funds exist; and (5) directs the NJDOC to forward payments from his prison account to the Clerk each subsequent month that

---

[1] This Court denied in forma pauperis status and administratively terminated this case on November 30, 2007, because Plaintiff's application for in forma pauperis status did not include the required six-month prison account statement. See 28 U.S.C. § 1915(b). This Court reopened the case on February 27, 2008, after Plaintiff submitted the prison account statement.

the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(a), (b). As required by 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court has reviewed the Complaint for sua sponte dismissal and concludes that dismissal of the Complaint is required for lack of jurisdiction. However, because Plaintiff may be able to assert facts establishing this Court's jurisdiction, the dismissal is without prejudice to the filing of an amended complaint.

## I. BACKGROUND

Plaintiff sues the United States Army for military pay and other damages. He asserts the following facts, which this Court is required to regard as true for the purposes of this review. See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007). Plaintiff asserts that in July 2003, during the term of his four-year enlistment in the 82nd Airborne Division of the United States Army, he was granted leave. He alleges that he was arrested by New Jersey authorities in Paterson on August 7, 3003, and convicted of numerous state criminal charges on October 5, 2007. Plaintiff asserts that, although his four-year term expired on August 10, 2006, he received no paperwork from the military regarding his discharge. Plaintiff seeks the following relief:

> I would like the court to find out what my discharge was from the Army. I would like to get my back pay. I would like to get my discovery from the military and a $1000.00 dollars for them being negligent.

(Compl. ¶ 7.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as

practicable after docketing, to review a civil pleading filed by a prisoner who is proceeding in forma pauperis or seeks redress against a governmental entity, officer or employee. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), (b). The Court is required to identify cognizable claims and to dismiss any claim which is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). Rule 8(a) of the Federal Rules of Civil Procedure, however, requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." Fed. R. Civ. P. 8(a). Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). As for dismissal for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> The Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .

<u>Phillips v. County of Allegheny</u>, 515 F. 3d 224, 234 (3d Cir. 2008) (citation and internal quotation marks omitted).

### III. DISCUSSION

A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. <u>Mansfield, C. & L. M. Ry. Co. v. Swan</u>, 111 U.S. 379, 383 (1884). As the Supreme Court stated in <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986),

> it is appropriate to restate certain basic principles that limit the power of every federal court. Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.

"Every grant of federal jurisdiction must fall within one of the nine categories of cases and controversies enumerated in Article III." <u>In re TMI Litigation Cases Consol. II</u>, 940 F.2d 832, 861-62 (3d Cir. 1991) (Scirica, J., concurring) (citing <u>Hodgson v. Bowerbank</u>, 5 Cranch (9 U.S.) 303, 3 L.Ed. 108 (1809)). Article III of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and

> Citizens of another State;--between Citizens of different States;--
> between Citizens of the same State claiming Lands under Grants of
> different States, and between a State, or the Citizens thereof, and
> foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing subject matter question jurisdiction must be alleged in the complaint. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936); Fed. R. Civ. P. 8(a)(1). The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189. Being of limited jurisdiction, a federal court

> has cognisance, not of cases generally, but only of a few specially
> circumstanced, amounting to a small proportion of the cases which
> an unlimited jurisdiction would embrace. And the fair
> presumption is (not as with regard to a court of general jurisdiction,
> that a cause is within its jurisdiction unless the contrary appears,
> but rather) that a cause is without its jurisdiction, until the contrary
> appears. This renders it necessary, inasmuch as the proceedings of
> no court can be deemed valid, further than its jurisdiction appears,
> or can be presumed, to set forth upon the record of a circuit court,
> the facts or circumstances which give jurisdiction, either expressly,
> or in such manner as to render them certain by legal intendment.

Turner v. Bank of North America, 4 U.S. 8, 10 (1799).

Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. When a suit against

5

the Army seeks a money judgment, it is a suit against the United States which can be maintained only if Congress has waived sovereign immunity. See Sibley v. Ball, 924 F. 2d 25, 28 (1st Cir. 1991). Under the doctrine of sovereign immunity "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983); accord Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999) ("'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit'") (quoting FDIC v. Meyer, 510 U.S. 471, 475 (1994)). "[T]he Government's consent to be sued must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992). Unlike suits involving private parties, where the federal government is sued, "the available remedies are not those that are 'appropriate,' but only those for which sovereign immunity has been expressly waived." Lane v. Pena, 518 U.S. 187, 197 (1996).

Thus, this Court must determine the statutory basis for district court jurisdiction over this suit against the Army for money damages.[2] "Jurisdiction over non-tort monetary claims against the United States is exclusively defined by the Tucker Act, as codified at 28 U.S.C. §§ 1346, 1491, because it is only under the terms of the Tucker Act that the United States waives its sovereign immunity to non-tort claims seeking monetary relief." Chabal v. Reagan, 822 F. 2d 349, 353 (3d Cir. 1987). The so-called "Little Tucker" Act, 28 U.S.C. § 1346(a)(2), gives district courts original jurisdiction, concurrent with the United States Court of Federal Claims of "[a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded

---

[2] The Administrative Procedure Act waives sovereign immunity, but excludes suits seeking money judgments. See 5 U.S.C. § 702.

either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . " 28 U.S.C. §1346(a)(2).[3] See Chabal, 822 F. 2d at 353. Under the Tucker Act, 28 U.S.C. § 1491, the Court of Federal Claims has exclusive jurisdiction over non-tort claims against the Federal Government for greater than $10,000. See 28 U.S.C. § 1491; Clinton v. Goldsmith, 526 U.S. 529, 539 n.13 (1999); Chabal, 822 F. 2d at 353.

In this case, the essential predicate requirements for maintaining an action against the United States Army, that is, an independent basis for subject matter jurisdiction under the Little Tucker Act and a sovereign immunity waiver, are not set forth in the Complaint. Specifically, Plaintiff does not assert that his claim for back pay is less than or equal to $10,000, or waive a claim for damages exceeding $10,000. As previously stated, the Little Tucker Act confers jurisdiction upon district courts only if the claim for damages does not exceed $10,000, see 28 U.S.C. § 1346(a)(2), and the Tucker Act confers exclusive jurisdiction in the Federal Court of Claims for damages exceeding $10,000. See 28 U.S.C. § 1491. Because Plaintiff does not waive damages in excess of $10,000, the Complaint, as written, does not show that this Court has jurisdiction under the Little Tucker Act and this Court must dismiss the Complaint for lack of jurisdiction. See Hahn v. United States, 757 F. 2d 581, 587 (3d Cir. 1985) (jurisdiction under Little Tucker Act is lacking where complaint for military pay does not waive damages in excess of $10,000); Leveris v. England, 249 F. Supp. 2d 1, 4 (D. Me. 2003) ("If a plaintiff waives all

---

[3] Appeals are taken to the Federal Circuit. See 28 U.S.C. § 1295(a)(2); Clinton, 526 U.S. at 540 n.14; Jarrett v. White, 57 Fed. Appx. 87, 89 (3d Cir. 2003).

claims to any amount that he may recover over $10,000, or specifically asks for less, a federal district court could conclude that it has jurisdiction to hear the case [under the Little Tucker Act]"); cf. Norton v. Larney, 266 U.S. 511, 515 (1924) ("jurisdiction of a federal court must affirmatively and distinctly appear and cannot be helped by presumptions or argumentative inferences"). However, this Court will grant Plaintiff 30 days leave to file an amended complaint.[4] See Chabal, 822 F. 2d at 353 ("In order to permit plaintiffs to exercise a choice as to whether to proceed in the district court or in the Claims Court, we have permitted plaintiffs to waive damages in excess of $10,000"); see also Norton, 266 U.S. at 515-16; Hahn, 767 F. 2d at 587-88. If Plaintiff files an amended complaint within 30 days of the date of the entry of the Order accompanying this Opinion, then this Court will enter an order directing the Clerk to reopen the file for this Court to screen the amended complaint for sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).[5]

---

[4] Plaintiff should be aware that under 37 U.S.C. § 503 "[a] member of the Army . . . who is absent without leave or over leave, forfeits all pay and allowances for the period of that absence, unless it is excused or unavoidable." 37 U.S.C. § 503(a). See Cameron v. United States, 34 Fed. Cl. 422, 432-33 (Fed. Cl., 1995) (service member's absence from service due to his incarceration for state murder charge and subsequent state conviction was not unavoidable and pay was properly withheld pursuant to § 503(a)).

[5] This Court notes that the sole named defendant in the original Complaint is the Lumberton Police Department. Plaintiff should be aware that a police department is not a "person" subject to suit under § 1983, and that a local government entity, such as the municipality of Lumberton, "cannot be held liable solely because it employs a tortfeasor." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. If Plaintiff files an amended complaint, he may elect to name as defendants the individuals who were allegedly involved in the wrongdoing. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be
(continued...)

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice to the filing of an amended complaint.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

Dated: _____Jun 25_____, 2008

---

[5](...continued)
predicated solely on the operation of respondeat superior").