NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES PINNOCK, | : | Civil No. 07-5661 (DMC) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| THE UNITED STATES ARMY, | : | |
| Defendants. | : | |

**APPEARANCES:**

> JAMES PINNOCK, #938588C, Plaintiff Pro Se
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey 08625

**CAVANAUGH**, District Judge:

Plaintiff James Pinnock was granted in forma pauperis status and filed a Complaint seeking back pay from the United States Army. By Order and accompanying Opinion filed June 27, 2008, this Court dismissed the Complaint for lack of jurisdiction, without prejudice to the filing of an amended complaint. Petitioner thereafter filed an Amended Complaint and this Court reopened the file in order to screen the Amended Complaint for dismissal, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, this Court will dismiss the Complaint and the Amended Complaint for failure to state a claim upon which relief may be granted. Id.

## I. BACKGROUND

Plaintiff sues the United States Army for military pay during the period he was incarcerated by New Jersey authorities.[1] This Court dismissed the original Complaint for lack of subject matter jurisdiction on the ground that, although the Little Tucker Act grants district courts original jurisdiction (concurrent with the United States Court of Federal Claims) of "[a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort," 28 U.S.C. §1346(a)(2), the Complaint was deficient because it did not assert that the claim for back pay is less than or equal to $10,000, or waive a claim for damages exceeding $10,000.00. However, this Court granted Plaintiff 30 days leave to file an amended complaint correcting the want of jurisdiction. See Chabal v. Reagan, 822 F. 2d 349, 353 (3d Cir. 1987) ("In order to permit plaintiffs to exercise a choice as to whether to proceed in the district court or in the Claims Court, we have permitted plaintiffs to waive damages in excess of $10,000").

Plaintiff thereafter filed an Amended Complaint asserting the following facts:

> I am suing the United States Army for $7000 dollars for "negligence to pay" the defense member during incarceration. My paygrade was E-3, I was receiving $1400 dollars a month. I was in the 82nd Airborne Division in the Army with a 4-year contract. I

---

[1] The Inmate Locator of the New Jersey Department of Corrections indicates that Plaintiff is serving a term of imprisonment as a result of numerous offenses (including kidnapping, sexual assault and robbery) on August 7, 2003, and the imposition of a term of imprisonment by the State of New Jersey on May 18, 2007. See N.J. Dep't of Corrections, Offender Search at https://www6.state.nj.us/DOC_Inmate/details?x=1335200&n=0 (last accessed Jan. 30, 2009). Petitioner's projected parole eligibility date is August 5, 2037. Id.

was granted a 30 day leave in July 2003 to get married. I was then arrested August 10th 2003 as an accomplice to Andrew Morgan. I'm entitled to relief because the Military withheld documents which would forfeit all pay and allowances for the period of my absence. It was never justified by the Military that my absence wasn't excused or wasn't unavoidable . . . . I was still "Active Duty" that was changed by the Military to incarceration. The Military never showed that the state conviction was not unavoidable and pay was properly withheld, that was never established or proved. The documents relating to pay was withheld and I was discharged without my knowledge of the reasons of my pay being withheld and other issues leading to my discharge. It is negligence on the part of the "Military Officials" handling the discharge not to inform the service member of what is going on with the Discharge hearing, in case an opportunity may present itself to challenge the judgment. I am entitled to $7000 in pay from July 2003 - May 2004. I was arrested in Paterson, New Jersey. I demand the courts get my pay of $7000 dollars from the United States Army.

(Am. Compl., pp. 1-2) (Docket entry #9.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to dismiss at any time a civil action or claim brought by a plaintiff who is proceeding in forma pauperis if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

As this Court explained in its prior Opinion, federal courts are courts of limited jurisdiction. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). When a suit against the Army seeks a money judgment, it is a suit against the United States which can be maintained

only if Congress has waived sovereign immunity. See Sibley v. Ball, 924 F. 2d 25, 28 (1st Cir. 1991). Under the doctrine of sovereign immunity "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983); accord Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999) ("'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit'") (quoting FDIC v. Meyer, 510 U.S. 471, 475 (1994)). "[T]he Government's consent to be sued must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992). Unlike suits involving private parties, where the federal government is sued, "the available remedies are not those that are 'appropriate,' but only those for which sovereign immunity has been expressly waived." Lane v. Pena, 518 U.S. 187, 197 (1996). The "Little Tucker" Act, 28 U.S.C. § 1346(a)(2), gives district courts original jurisdiction, concurrent with the United States Court of Federal Claims, of "[a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. §1346(a)(2).

This Court dismissed the original Complaint because it did not set forth an independent basis for subject matter jurisdiction under the Little Tucker Act, in that Plaintiff did not assert in the original Complaint that his claim for back pay is less than or equal to $10,000 or waive a claim for damages exceeding $10,000. See Hahn v. United States, 757 F. 2d 581, 587 (3d Cir. 1985) (jurisdiction under Little Tucker Act is lacking where complaint for military pay does not

waive damages in excess of $10,000); Leveris v. England, 249 F. Supp. 2d 1, 4 (D. Me. 2003) ("If a plaintiff waives all claims to any amount that he may recover over $10,000, or specifically asks for less, a federal district court could conclude that it has jurisdiction to hear the case [under the Little Tucker Act]"); 28 U.S.C. § 1346(a)(2). The Amended Complaint cures this jurisdictional deficiency in that Plaintiff expressly seeks pay of $7,000.00.

Nevertheless, the Tucker Act and the Little Tucker Act do "not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). A substantive right must be found in some other source of federal law, and the plaintiff must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained. United States v. Mitchell, 463 U.S. 206, 216-17 (1983). "Thus, for claims against the United States 'founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department,' 28 U.S.C. § 1491, a court must inquire whether the source of substantive law can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." Mitchell, 463 U.S. at 217 (citations and internal quotation marks omitted).

Plaintiff asserts that the Army illegally withheld his pay during his civilian incarceration from August 10, 2003, through May 2004, and he seeks $7,000.00 in pay. (Am. Compl.) Federal statutes provide that "a member of a uniformed service who is on active duty" is entitled to the "basic pay of the pay grade" to which assigned or distributed, in accordance with years of service. 37 U.S.C. § 204(a)(1). See Holley v. United States, 124 F. 3d 1462, 1465 (Fed. Cir. 1997) (37 U.S.C. § 204 serves as a money-mandating statute applicable to military personnel claiming damages for back pay). However, under federal law, "[a] member of the Army . . . who

5

is absent without leave or over leave, forfeits all pay and allowances for the period of that absence, unless it is excused as unavoidable." 37 U.S.C. § 503(a).

The Department of Defense regulations governing forfeiture of pay due to absence without leave provide that, "when a member is in an unauthorized status, an administrative determination must be made as to whether the absence was unavoidable." Cameron v. United States, 34 Fed. Cl. 422, 432 (1995). The applicable regulation, entitled "Unauthorized Absence and Desertion," provides:

> Administrative Determination of Unauthorized Absence. When a member is in an unauthorized absence status, an administrative determination must be made as to whether the absence was unavoidable. Table 3-3 contains rules for determining whether the absence was unavoidable. If it is not excused as unavoidable, the member (including one mentally incompetent) forfeits pay and allowances for the period of absence. This applies even though a court-martial finds the member not guilty of a charge of unauthorized absence, or when a finding of guilty has been disapproved by the reviewing authority.

DoD Financial Management Regulation, vol. 7A, ch. 03, § 030202(B).

Rule 6 of Table 3-3 (entitled "Rules for Determining Whether Absence Is Unavoidable") provides that, when a member is absent from duty in confinement by civil authorities and the member is tried and convicted, "then the absence may not be excused as unavoidable." DoD Financial Management Regulation, Vol. 7A, Ch. 03, Table 3-3, Rule 6.[2]

---

[2] See also Rule 6, Table 3-2, entitled "Unauthorized Absence And Other Lost time - Effect On Pay and Allowances," which provides that where a member is absent from duty due to confinement by civil authorities and the absence is not excused as unavoidable under Table 3-3, then the member is not entitled to pay and allowances, except for that part of the period that is covered by authorized leave, liberty, or pass. DoD FMR vol. 7A, Ch. 03, Table 3-2, Rule 6.

In this case, it is undisputed that Plaintiff was absent from military duty because he was convicted by New Jersey and he is serving a term of incarceration imposed for his conviction. According to the above cited statute and regulations, Plaintiff forfeited his military pay because his absence was due to his incarceration for a civilian conviction, which could not be excused as unavoidable. See DoD Financial Management Regulation, Vol. 7A, Ch. 03, § 030202(B) & Table 3-3, Rule 6. Accordingly, he forfeited pay for the period of the absence. See 37 U.S.C. § 503(a).

Plaintiff nevertheless complains in essence that the Army improperly forfeited his pay without establishing (presumably at a hearing) that his absence was not excused as unavoidable, and without giving him an opportunity to be heard. This Court reads Plaintiff's allegations as an attempt to claim that the forfeiture of pay was arbitrary and capricious, and imposed without due process of law. "Strong policies compel the court to allow the widest possible latitude to the armed services in their administration of personnel matters." Sanders v. United States, 219 Ct.. Cl. 285, 302 (1979). "When contesting personnel actions taken by the armed forces a plaintiff bears the burden to overcome the 'strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith.'" Willingham v. United States, 35 Fed. Cl.633, 645 (1996) (quoting Hary v. United States, 223 Ct. Cl. 10, 17, 618 F. 2d 704, 707 (1980)). Thus, a court may "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment . . ." Willingham, 35 Fed. Cl. at 646 (quoting Bowman v. Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285 (1974)). And where a military regulation is susceptible

to equally reasonable constructions, a court may not substitute its interpretation for that of the military. See Willingham, 35 Fed. Cl. at 646.

The plaintiff in Cameron v. United States, 34 Fed. Cl. 422, 433 (1995), like Plaintiff, sued the military for back pay, asserting that the Air Force had arbitrarily withheld his pay during two periods of his civilian incarceration for murder without making a formal administrative determination. The Court of Claims rejected the challenge as follows:

> Initially, the court holds that the apparent lack of a formal finding is not error, much less prejudicial error. That such a determination was implicitly made appears from the fact that Mr. Cameron's pay was withheld . . . . In addition, the court concludes that the obligation to make a separate determination of unavoidability is for the benefit of the service, rather than the service member. The purpose of such a determination is clearly to prevent an automatic repayment subsequent to the successful challenge of a criminal charge . . . .

Id. at 433.

The Federal Court of Claims further rejected Cameron's due process claim on the ground that his "generalized reference to violations of the Due Process Clause do no more than invoke the rights afforded him in [applicable] statutes and regulations." Id.; see also Paskert v. United States, 20 Cl. Ct. 65, 76-8 (1990) ("service members have no constitutional rights to remain on active duty, and their rights are defined by the applicable statutes and regulations").

In this case, nothing asserted in the Complaint or Amended Complaint indicates that the Army violated federal statutes or regulations by withholding Plaintiff's pay while he was confined by New Jersey authorities as a result of his arrest and conviction. Because Plaintiff had not demonstrated that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained, he is not entitled

8

to relief and this Court will dismiss the Complaint and Amended Complaint for failure to state a claim upon which relief may be granted.  See United States v. Mitchell, 463 U.S. at 216-17.

## IV.  CONCLUSION

For the reasons set forth above, the Court dismisses the Complaint and the Amended Complaint.

DENNIS M. CAVANAUGH, U.S.D.J.

Dated: Feb 2, 2009